UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| In re: Search of certain Property in Roanoke and Rocky Mount, Virginia | Case Nos: 7:15-MJ-11 & 7:15-MJ-12<br><br>**FILED UNDER SEAL** |

## MEMORANDUM OPINION

East Mental Health Services, LLC ("EMH") seeks to partially unseal the search warrants and accompanying affidavits related to the search of its business locations in Roanoke and Rocky Mount, Virginia. EMH asks the court to give it access to the affidavits that provide probable cause for the search warrant applications, but EMH asks that the court not unseal the warrants and affidavits totally and to give the public no access to this information. The motion will be **GRANTED**, but I will lift the seal order completely.

### Factual Background

On January 27, 2015, Special Agent Jeffrey Overbeck with the Office of Inspector General, Health and Human Services Department submitted applications for search warrants on two EMH business locations: one in Rocky Mount, Virginia and the other in Roanoke, Virginia. The government executed the warrants on January 28, 2015. Pursuant to Local Rule 9, the warrants are maintained under seal until the investigating agent makes the return of the inventory to the issuing judge. Agent Overbeck submitted the warrant returns on February 6, 2015, and simultaneously, the Government filed a motion to seal the warrant application and supporting affidavits. That motion was granted on March 9, 2015, and the case has remained sealed since that time based on the government's renewed motions to keep the case under seal.

The federal agents executing the search warrant provided EMH with the warrant, Attachment A describing the locations to be searched, and Attachment B described the items to be seized. At the conclusion of the search, the agents gave EMH an inventory of the items seized. The agents did not provide a copy of the supporting affidavits which EMH seeks to "partially unseal . . . to allow EMH to have access to these documents in accordance with its Fourth Amendment rights." Dkt. No. 36 at 7.

## Analysis

EMH contends it has a Fourth Amendment right to examine the warrants and supporting affidavits. EMH argues that as the subject of a search warrant, it has a qualified, pre-indictment right to examine the affidavits, and that this right should only be denied or restricted when the government can show that restricting access is "'essential to preserve higher values and is narrowly tailored to serve that interest.'" Dkt. No. 36 at 7 (citing United States v. Oliver, 2000 WL 263954, at *2 (4th Cir. 2000) (internal citations omitted)). The government counters that EMH has no Fourth Amendment right to examine search warrants at this stage of the investigation. Dkt. No. 42 at 1. Even if there were such a right, it would not be absolute and there are sufficient grounds for keeping the affidavits under seal and denying EMH's motion to partially unseal the affidavits. I find that there is both a common law right and a Fourth Amendment right of access to search warrant affidavits and that the government's bases for continued sealing are insufficient. Therefore, I will order that the affidavits be unsealed.[1]

As an initial matter, EMH requests that the affidavits be "partially unsealed." What, exactly, EMH means by "partially unsealed" is not expressly defined in its pleadings. To the extent EMH seeks permission for it and only it to review the search warrant affidavits, EMH has provided no support for a request to partially unseal a document only as to the party requesting it, and the court has found none. A document is either sealed or it is not; there is no basis for permitting only one specific person or entity to review a document otherwise kept from the public. If the government meets its burden to show that

---

[1] By way of procedural background, the Western District's policy is to keep search warrant materials under seal until the warrant return is filed. See W.D. Va. Gen. R. 9(d)(1). When the return is filed, the clerk's office unseals the case unless a motion to seal is filed along with the return.

sealing is necessary, then the document will be sealed. Because the government has not met that burden, the seal on these cases will be lifted completely and the affidavits will be publically accessible.

There are generally two grounds upon which a member of the public may request access to sealed court documents. First, the Supreme Court has recognized a qualified common law right of access to most judicial records. Nixon v. Warner Communications, Inc., 435 U.S. 589, 598–99 (1978). The decision to grant access to warrant papers that are presently under seal is "committed to the sound discretion of the judicial officer who issued the warrant." Baltimore Sun Co. v. Goetz, 886 F.2d 60, 65 (4th Cir. 1989). When deciding whether to keep documents under seal, the court may deny access to documents (including executed search warrant documents) only when "sealing is 'essential to preserve higher values' and 'narrowly tailored to serve that interest.'" Media General Operations, Inc. v. Buchanan, 417 F.3d 424, 429 (4th Cir. 2005) (quoting Goetz, 886 F.2d at 65–66)). The decision to seal documents "must be made after independent review by a judicial officer, and supported by 'findings and conclusions specific enough for appellate review.'" Id.

Second, the target of a search also has a qualified right of access to search warrant affidavits after a search has been conducted. Oliver, 2000 WL 263954, at *2.[2] This right is "not absolute" and "may be

---

[2] The government argues that the Oliver decision is unpublished, and therefore not binding upon this court. Oliver is persuasive and has not been overturned or contradicted in this circuit. In fact, multiple lower courts to consider this same issue have looked to Oliver when addressing whether a defendant or target of an investigation has a pre-indictment right of access to warrant documents. See, e.g., In re Search Warrants Issued on Apr. 26, 2004, 353 F. Supp. 2d 584, 591 (D. Md. 2004) (affirming a magistrate judge's recognition of a target's pre-indictment Fourth Amendment right to view a probable cause affidavit); In re Search of 14416 Coral Gables Way, 946 F. Supp. 2d 414, 419 (D. Md. Apr. 5, 2011) (relying upon Oliver for the premise that a potential defendant has a right to examine a supporting affidavit after a search has been executed). The government cites no contrary Fourth Circuit case law, but instead relies upon cases from the Fifth and Seventh Circuits to make its argument that EMH has no Fourth Amendment right to the affidavits. The Seventh Circuit case does hold that there is no Fourth Amendment right to access sealed search warrant affidavits, and the Fifth Circuit case simply quotes the Seventh Circuit's holding in its decision that mainly dealt with grand jury proceedings and a suppression issue. See In the Matter of Eyecare Physicians of America, 100 F.3d 514, 517 (7th Cir. 1996); In re Grand Jury Proceedings, 115 F.3d 1240, 1246 (5th Cir. 1997). The Seventh Circuit did not recognize a Fourth Amendment right to the affidavits at issue in that case, but it did recognize the common law right of access to court documents. Eyecare Physicians, 100 F.3d at 517. The similarities in the standards for continued sealing are striking, and the fact that the Seventh Circuit did not recognize a Fourth Amendment right of access (but did recognize the common law right of access) is neither dispositive nor persuasive.

The government also argues that pre-indictment access to these affidavits "does not make sense under the Fourth Amendment" because the "usual remedy for a Fourth Amendment violation is suppression of evidence" and that remedy is available only after an indictment. Dkt. No. 42 at 9. EMH is not contesting the basis for the search itself; instead, it seeks to exercise its right to access judicial documents that are presently held under seal.

overridden when it is shown that precluding access is essential to preserve higher values and is narrowly tailored to serve that interest." Id. (internal citations and quotation marks omitted). "The right of access may be denied only where the Government demonstrates (1) that a compelling governmental interest requires the materials be kept under seal and (2) there is no less restrictive means, such as redaction, available." Id. (quoting In re Search Warrants Issued Aug. 29, 1994, 889 F. Supp. 296, 299 (S.D. Ohio 1995) (internal citation marks omitted)).

In comparing Oliver to Goetz, it appears that the standards for the right of access under the common law and the right of access under the Fourth Amendment are very similar: the government may only justify continued sealing of search warrant affidavits when it can show that sealing is essential to serve some higher purpose and that any restriction is narrowly tailored to serve that interest. Circumstances that could justify continued sealing exist when there is an ongoing criminal investigation that may be compromised by release of the affidavits, an active wiretap, when the identities of confidential informants would be revealed and their lives endangered, or where release of the affidavits could reveal matters occurring before the grand jury. In re Search of 14416 Coral Gables Way, 946 F. Supp. 2d at 419 (citing Media General, 417 F.3d at 430–31). The government asserts three reasons that the search warrant affidavits should not be unsealed in this case: (1) the government's cooperating witnesses could face retaliation by EMH representatives; (2) the disclosure could compromise an ongoing criminal investigation; (3) disclosure of the warrants could compromise grand jury proceedings and disclose information about specific matters presented to the grand jury.[3]

Retaliation Against Cooperating Witnesses

The government argues that revealing the contents of the affidavits will expose its cooperating witnesses to harassment and embarrassment, since their identities as cooperators will be discovered. The

---

Suppression and sealing serve two very different interests and the argument that EMH can always rely upon suppression at trial is not helpful in resolving the question of whether they may access search warrant affidavits before an indictment has been issued.

[3] The government's stated reasons for keeping the affidavits sealed are recounted in an *ex parte* submission for the court's review *in camera*. This submission was not disclosed to counsel for EMH. I have revealed the contents of that submission only to the extent necessary to analyze their bases for keeping the affidavits under seal.

government fears that its cooperating witnesses who have moved on from EMH to other work in the close-knit mental health community within the Roanoke area will be suffer damage to their reputations in their new jobs if their role as "snitches" is revealed.

While these concerns may be legitimate, they do not warrant continued sealing of the search warrant affidavits. "Outside of the grand jury context, no case has held that protecting the identity of a cooperating witness is a sufficiently compelling governmental interest to override the subject's Fourth Amendment right of access." In re Search of 14416 Coral Gables Way, 946 F. Supp. 2d at 425. Concerns for the safety of confidential informants, on the other hand, may "rise to the level of a compelling interest" if the revelation of their roles will put them at risk of physical harm. Id. This distinction is important because confidential informants and cooperating witnesses play different roles in investigations that subject them to very different risks. Unlike a witness, confidential informants "act like undercover spies for law enforcement . . . constantly on the streets surrounded by criminal activity [that] presents the real risk of physical harm and the realistic potential of death." Id. A cooperating witness, by contrast, "is rarely faced with such dangerous circumstances." Id. Even when there is a compelling interest in protecting the identity of a confidential informant, a court may find that redaction of the informant's name from the affidavit (as opposed to continued sealing) resolves the risk.

In this case, the government has put forward unsubstantiated and speculative fears of harm to the reputations of the cooperating witnesses. These fears cannot suffice as grounds to maintain a sealing order. At a minimum, the government has provided no concrete, recent evidence to support its argument that the cooperating witnesses (who are not named in the affidavit) will be put at risk of physical harm if the contents of the affidavit are revealed. Furthermore, in its motion to unseal the affidavits, EMH names four former employees that it believes may be involved in a related action against EMH. Despite EMH's knowledge of these suspected cooperators, the government points to no facts to support its claim that EMH will target or harass these individuals. It has been almost eighteen months since the search was executed and there is no evidence that EMH has placed these witnesses at risk of harm or that they would

do so once the affidavits are unsealed. Accordingly, I find that there is no risk of harm that would justify keeping these warrant materials sealed.

Ongoing Criminal Investigation

In some circumstances, the fact that there is an ongoing criminal investigation can justify keeping warrant materials sealed. "However, the requirement of a compelling interest requires more than a conclusory allegation of an ongoing investigation." In re Search of 14416 Coral Gables Way, 946 F. Supp. 2d at 420 (internal citations and quotation marks omitted). The government must make a "specific factual showing" to explain how its investigation will be compromised by the release of the affidavit. Id.[4] Simply stating that the release of the affidavits would "obstruct[] the investigation by revealing the government's theory of the case and direction of the investigation" is insufficient. See id. (discussing In re Searches and Seizures, No. 08-SW-0361 DAD, 2008 WL 5411772, at *4 (E.D. Cal. Dec. 19, 2008)).

Here, the government asserts in its declaration that the release of the affidavits to EMH would disclose significant parts of its investigation, opening the door to EMH to tamper with, destroy, or falsify relevant evidence that is not in the government's possession or to coach potential witnesses about what to say if approached by investigators. The government cites no recent evidence of falsification or tampering that has occurred in response to the current investigation, despite EMH having an obvious understanding that it is under investigation for criminal activity related to medical billing fraud. This investigation has been ongoing for a substantial amount of time, allowing EMH ample opportunity to alter or destroy evidence if it wanted to. In the same vein, the amount of time the investigation has been pending has also allowed the government time to interview witnesses and "lock in" their sworn statements. Finally, EMH is represented by able counsel who likely has or will advise EMH that any attempt to destroy or falsify evidence, pressure witnesses, make false statements, or in any way impede the investigation could subject the wrongdoer to additional criminal charges for obstruction of justice.

---

[4] This analysis may be very different if, for example, EMH or another suspect was completely unaware of the investigation.

The government presents no specific facts that would allow me to make a finding that revelation of the search warrant affidavits would compromise its investigation at this point in time. EMH is already aware of the investigation and has been for some time, yet it has taken no steps to interfere and the government has no recent information to support its argument that releasing the affidavits would compromise its investigation. Accordingly, I find that the government's fear that its investigation will be compromised by the release of the affidavits is not supported by facts and is therefore an insufficient basis for keeping the documents under seal.

Grand Jury Proceedings

The government's final reason in support of its request to keep these affidavits under seal is that their release could negatively affect grand jury proceedings. Any disclosure of the information in the affidavits, however, is not protected by the typical veil of secrecy that protects the grand jury.

"[Federal Rule of Criminal Procedure] 6(e)(2) protects from disclosure 'only the essence of what takes place in the grand jury room, in order to preserve the freedom and integrity of the deliberative process.'" In re Grand Jury Subpoena, 920 F.2d 235, 241 (4th Cir. 1990) (quoting In re Grand Jury Matter (Catania), 682 F.2d 61, 63 (3d Cir. 1982)). When information is obtained from an investigation independent of the grand jury, that information is not necessarily subject to the protections granted to information presented to the grand jury. "[T]he disclosure of information coincidentally before the grand jury [which can] be revealed in such a manner that its revelation would not elucidate the inner workings of the grand jury is not prohibited." United States v. Rosen, 471 F. Supp. 2d 651, 655 (E.D. Va. 2007) (internal citations omitted).

Here, the government seeks to protect information that is contained in a search warrant affidavit that has nothing to do with any proceeding before a grand jury. There is no indication from the affidavits that the information contained therein either came from grand jury testimony or would reveal any particular plan or process for proceedings before a grand jury. The affidavits themselves contain no information in any way related to the grand jury and thus their release cannot breach the security afforded those proceedings.

To the extent the government believes that revealing the contents of the affidavits could compromise future grand jury plans, EMH believes it already knows the identity of four people who are cooperating with the government. It could easily presume that if this case were to proceed to the grand jury, these individuals would be called to testify. Despite that knowledge, the government can point to no attempt by EMH to confront or pressure these witnesses regarding their prior cooperation or any anticipated grand jury appearance. Again, anyone who attempted to force a witness to alter his or her testimony would risk additional criminal penalties beyond anything he or she already faced as a result of the EMH investigation.

## **Conclusion**

Our court system should be open and accessible to the public. Restricting or preventing access to court records requires a compelling need for closure. Here, I find that the government has not made a compelling case for keeping these search warrant affidavits under continued seal. There are no specific facts that would allow me to make a finding that release of these documents would put confidential informants (or even cooperating witnesses) at risk of physical harm, would compromise an ongoing criminal investigation, or would reveal sensitive grand jury matters. Accordingly, I will order that the seal be completely lifted on both of these cases fourteen (14) days from the date of this order.

Entered:  July 15, 2016

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge